**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 0422 3:16 CR00091-02 |
| | ) | Honorable Henry E. Hudson |
| | ) | Sentencing: February 25, 2019 |
| **WILLIAN MEDINA-ESCOBAR** | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S POSITION ON SENTENCING AND MOTION FOR VARIANCE SENTENCE

COMES NOW the defendant, Willian Medina-Escobar, by counsel, Ali J. Amirshahi, and hereby files this Position on Sentencing and Motion for Variance Sentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and 18 U.S.C §3553(a). The Pre- Sentence Report ("PSR") contains guidelines which suggest a recommended sentencing range of 262-327 months, a statuary range of 10 years to life, a fine of $25,000-$10,000,000 and a special assessment fee of $100. Due to his financial condition, Mr. Medina-Escobar requests that he not be fined as part of his sentence.

Mr. Medina-Escobar has received and reviewed the PSR. Mr. Medina-Escobar is not objecting to the calculation of the sentencing guidelines. Mr. Medina-Escobar is requesting this Honorable Court to consider a variance sentence of 180 months which is below the recommended sentencing guideline range of 262-327 months. This is a sentence that is sufficient but not greater than necessary to achieve the goals and objectives of 18 U.S.C §3553(a).

In support of this request, Mr. Medina-Escobar submits the following:

1

## Case History

On December 6, 2017, Mr. Medina-Escobar appeared before the Honorable Henry E. Hudson, United States District Judge, and pled guilty pursuant to a plea agreement with the United States to Count One of a Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute and Distribute Five Kilograms or More of Cocaine on a United States Registered Aircraft, in violation of 21 U.S.C. §§ 963, 959(b)-(c) and 960(b)(1)(B), a Class A felony carrying a minimum 10 year sentence to a maximum potential sentence of life imprisonment and at least 5 years supervised release.

The terms of the plea agreement, in addition to the standard language, included agreements regarding the calculation of the sentencing guidelines. Mr. Medina- Escobar agreed that the offense qualified for a 2- point enhancement for committing a pattern of criminal activity engaged in in as a livelihood pursuant to USSG § 2D.1.1(15) and that his role in the offense involved being a leader, organizer, manager or supervisor of the activity and therefore qualified for a 2- point enhancement pursuant to USSG § 3E1.1(b). The United States agreed that Mr. Medina -Escobar qualified for 3- point reduction for his timely acceptance of responsibility, resulting in a total offense level of 39 and a sentencing range of 262-327 months. The United States agreed to recommend a sentence of 262 months.

Mr. Medina-Escobar was arrested on March 7, 2017 in Guatemala City in Guatemala. After waiving extradition to the United States Mr. Medina-Escobar was transported to the United States on September 27, 2017. He has remained in detention ever since and is currently located at the Northern Neck Regional Jail. PSR ¶ 7.

**Legal Framework**

While this Court cannot treat the sentencing guideline range as mandatory, it still must correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007); *Nelson v. United States*, 555 U.S. 350, 352 (2009), and must treat the guideline range as "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *Id*. at 49-50, and explain how the facts relate to the purposes of sentencing. *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43. After listening to the parties' arguments as to the appropriate sentence, a sentencing judge must look to the other sentencing factors delineated in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by the parties. *See Gall*, 552 U.S. at 49.

The other factors courts must consider when imposing the appropriate sentence are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment, *id*. at § 3553(a)(2); the kinds of sentences available, *id*. at § 3553(a)(2); the need to avoid unwarranted disparity among defendants with similar records and conduct, *id*. at 3553(a)(6); and the need to provide restitution to any victims of the offense, *id*. at § 3553(a)(7). The overarching admonition of 18 U.S.C. §

3553(a) is that courts are obliged to "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subjection."

## Argument under 18 U.S.C. § 3553(a)

**Given the Nature and Circumstances of Mr. Medina-Escobar's Offense and His History and Characteristics, the Sentencing Guideline Range Is Greater than Necessary to Satisfy the Purposes of 18 U.S.C §3553(a).**

In enacting the Sentencing Reform Act ("SRA"), Congress did "not favor one purpose of sentencing over another," except that rehabilitation was not to be a reason to impose a sentence of incarceration. See S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case," and "one purpose of sentencing may have more bearing on the imposition of sentence in a particular case than another purpose has." Id. at 68. In choosing what kind of sentence to impose, the court must consider all of the purposes and factors set forth in § 3553(a) and impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing.

1. **Nature and Circumstances of Mr. Medina-Escobar's Offense**

Mr. Medina-Escobar joined the Los Cachiros drug trafficking organization (DTO) in 2011. The Los Cachiros DTO is a large scale drug trafficking organization that transports cocaine from Venezuela to Honduras using a variety of logistical means that include using U.S registered aircraft. PSR¶ 9.

Mr. Medina- Escobar was an employee of Los Cachiros. His duties included inspecting aircraft in Guatemala to ensure that they were suitably modified for the long- distance flight from Honduras to Venezuela and back. PSR ¶ 10.

Mr. Medina- Escobar at times negotiated with the source of supply on behalf of his boss, Mario Rolando Medina. PSR¶ 10.

Mr. Medina-Escobar's principal duty was in ensuring that the planes were able to land successfully with their cargo of cocaine. This included surveying airstrips, checking GPS coordinates for the landing sites, relaying that information to the pilots by radio, relaying the status of the flight to his superiors and ensuring that the landing strips were properly lit. PSR ¶11.

As part of his employment, Mr. Medina-Escobar negotiated the purchase of 1,025 kilograms of cocaine from a co-conspirator on behalf of the Los Cachiros between July and October of 2013. PSR ¶11.

In October of 2013 a U.S registered Beechcraft King Air C-90 flew from Guatemala City to Apure, Venezuela where it was loaded with the 1,025 kilograms of cocaine. The aircraft then flew and successfully landed at a clandestine airstrip in Limon, Honduras. Mr. Medina-Escobar was present at the airstrip in Honduras and assisted in the safe landing by communicating with the pilots by radio and by directing the light crew to light the air strip. The cocaine was off loaded and taken into the custody of Los Cachiros for re-distribution. Mr. Medina-Escobar did not have any contact with the cargo of cocaine after it was unloaded from the aircraft. The aircraft was subsequently destroyed. PSR ¶11.

**2. Mr. Medina-Escobar's History and Characteristics**

Mr. Medina-Escobar is a 34- year old native of Honduras. He has no prior criminal record.

He has never been to the United States prior to his extradition by the United States. Mr. Medina-Escobar did apply for lawful entry to the United States in 2010 and 2013 but was denied entry. PSR ¶47.

Mr. Medina-Escobar was raised by his mother and his maternal grandparents. While living with his grandparents Willian shared his grandfather's bed, cooked meals on an outdoor wood fire and used an outhouse as a toilet as there was no indoor plumbing. PSR ¶40.

Since his employment with Los Cachiros there have been at least three attempts on Mr. Medina-Escobar's life. In 2011 Honduran police tried to shoot him because they believed he was carrying a large sum of money. In 2014 a competing drug trafficking organization tried to kill him. The competing cartel had received information from a corrupt police officer that the defendant was at a bar. The defendant had in fact been at the bar but left before the would be assassins arrived and killed everyone in the bar. Most significantly, the Los Cachiros DTO tried to kill Mr. Medina-Escobar in 2016 because they believed he was an informant for the D.E.A. PSR ¶ 45-46.

As a result of this last attempt on his life by Los Cachiros, Mr. Medina -Escobar fled to Guatemala. He was arrested in Guatemala in March 2017 for the instant offense. PSR ¶46. While incarcerated in Guatemala Mr. Medina- Escobar was forced to pay extortion money to prevent his family from being harmed or killed. Mr. Medina- Escobar is concerned for his family's safety as they have received numerous threats since his arrest. PSR¶ 46.

**3. Need to Avoid Unwarranted Disparity in Sentences**

Section §3553(a)(6) requires a sentencing court to avoid unwarranted sentences among defendants with similar records who have been convicted of similar offenses. Most of the cases counsel has seen involve the leaders of cartels, and counsel has been unable to find a case

involving a defendant with Mr. Medina-Escobar's role as a nonviolent employee handling logistics. The suggested guideline range of 262-327 months is more applicable to a cartel leader. Sentencing Mr. Medina-Escobar to a sentence usually reserved for a cartel leader would create an unwarranted disparity in sentencing and would be a sentence that is greater than necessary to achieve the objectives of §3553(a).

### 4. Need for Just Punishment in Light of the Seriousness of the Offense

Section §3553(a)(2)(A) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. While the amount of cocaine involved in the instant offense is significant, there are several mitigating factors. Mr. Medina-Escobar was an employee of Los Cachiros. He was not a cartel leader or boss. This was not "his" cocaine. He was a paid employee that handled logistics for the cartel. The money Mr. Medina-Escobar made as an employee paid for his lodging, food and alcohol. He has no assets and never even owned a motor vehicle. Whether Mr. Medina-Escobar could have simply walked away from his involvement with Los Cachiros is questionable. He was the target of an assassination attempt by Los Cachiros once they suspected him of being an informant. PSR ¶46. Despite these attempts on his life, and the general violence surrounding Los Cachiros, Mr. Medina-Escobar never resorted to a single act of violence. Although the airplanes utilized by Los Cachiros were registered in the United States, Mr. Medina-Escobar never set foot in the U.S. until he was transported here by the United States government.

### 5. Need for Adequate Deterrence

Section §3553(a)(2)(B) requires a sentencing court to impose a sentence that affords adequate deterrence to criminal conduct. The criminal conduct in this offense occurred in Central

America. A sentence of 180 months for the nonviolent employee of a cartel who himself became a target of that very cartel will provide effective deterrence.

### 6. Need to Protect Society

Section §3553(a)(2)(C) requires a sentencing court to impose a sentence that protects the public from other crimes of the defendant. Mr. Medina-Escobar lived in very violent world where several attempts were made on his life. His own brother was murdered by Honduran police during a robbery. PSR ¶ 39. Despite living in this violent world Mr. Medina-Escobar never resorted to a single act of violence. He will in all likelihood be removed back to Honduras upon the completion of his sentence. If Mr. Medina- Escobar is not killed for his perceived disloyalty to Los Cachiros when he is returned to Honduras, he will not be a threat to society. In either case Mr. Medina-Escobar will not be a threat to society.

### 7. The Guidelines

Section §3553(a)(4) requires the court to consider the kinds of sentences and the sentencing range as set forth by the sentencing guidelines.

Although Mr. Medina-Escobar agreed to a two point enhancement for his role qualifying as being a leader or organizer, it should be noted that his role as a leader was being in charge of the crew of men that lit up the runaway for the aircraft when they came in to land.

Given Mr. Medina-Escobar's lack of any criminal record prior to this case, his waiver of extradition, plea of guilty, acceptance of responsibility for his actions, and his limited role as an employee of the cartel, the suggested guideline range of 262-327 months of incarceration is greater than necessary. The guidelines do not account for any of the following: Mr. Medina-Escobar was an employee of Los Cachiros; Los Cachiros tried to kill Mr. Medina-Escobar for his perceived disloyalty; Mr. Medina-Escobar had left the organization and had fled to Guatemala at

8

the time of his arrest; and the danger that Mr. Medina- Escobar will face when he is removed to Honduras -nor the current danger to his mother and sister who are residing in Honduras. A variance sentence of 180 months is a sentence that will promote respect for the law but one that is not greater than necessary.

WHEREAS, for all the foregoing reasons, Mr. Medina-Escobar requests that this Honorable Court sentence him to a variance sentence of 180 months.

Respectfully Submitted,

Willian Medina-Escobar

_____/s/_____
By Counsel

Ali J. Amirshahi, Esq.
Stone, Dinkin and Amirshahi, P.L.C
Virginia State Bar #34137
Counsel for Mr. Medina-Escobar
101 Shockoe Slip, Suite K
Richmond VA 23219
(804) 359 0000
(804) 257 5555 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11 and 12, 2019, I filed this Position on Sentencing, via ECF with the Clerk of the Court, which will send a notification of such filing (NEF) to the following: Erik Siebert, Assistant United States Attorney, 919 E. Main Street, Suite 1900, Richmond VA 23219.

_____/s/_____

By Counsel

Ali J. Amirshahi
Stone, Dinkin and Amirshahi, P.L.C
Virginia State Bar #34137
Counsel for Mr. Medina-Escobar
101 Shockoe Slip, Suite K
Richmond VA 23219
(804) 359 0000
(804) 257 5555 fax